UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X          Docket No. 1:22-cv-10594
JATNNA BOBADILLA,

                            Plaintiff,          COMPLAINT FOR DAMAGES,
                                         DECLARATORY AND
               -against-          INJUNCTIVE RELIEF

NEW YORK CITY HEALTH AND HOSPITALS          JURY TRIAL DEMANDED
CORPORATION,

                         Defendant.
-----------------------------------------------------------X

       PLAINTIFF, JATNNA BOBADILLA ("Plaintiff"), by her attorneys, PACIFIC JUSTICE

INSTITUTE, INC., through local counsel, April Forbes, Esquire, hereby complains of the

DEFENDANT, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (hereinafter

"NYCHHC"), upon information and belief, as follows:

## NATURE OF THE CASE:

1.     This action results from Plaintiff being denied a reasonable accommodation and
wrongfully terminated by her former employer, NYCHHC, which refused to grant an
exemption from any of the available COVID-19 vaccines.

2.     This action seeks full reinstatement to employment with NYCHHC, along with
damages and other relief stemming from religious discrimination in violation of Title
VII of the Civil Rights of 1964, as codified, 42 U.S.C. 2000e to 2000e-17, *as amended*,
("Title VII"); the Free Exercise Clause of the First Amendment of the United States
Constitution ("Free Exercise Clause"); the United States Supremacy Clause of Article
VI, Clause 2 of the United States Constitution ("Supremacy Clause"); the Due Process
Clause of the Fourteenth Amendment of the United States Constitution ("Due Process

Clause"); the New York State Executive Law, Article 15, Human Rights Law, (NYSHRL") §296; and the New York City Human Rights Law, Title 8, Civil Rights, Administrative Code of the City of New York ("NYCHRL"), Chapter 1, §8-107.

## PARTIES:

3.    Plaintiff currently resides in Bronx County, New York, and was employed by NYCHHC for all time periods relevant herein.

4.    Upon information and belief, NYCHHC is a not-for-profit corporation organized under the laws of New York.

5.    For some of the events at issue, NYCHHC has maintained a principal place of business located at 125 Worth Street, New York, New York. NYCHHC now maintains a principal place of business located at 50 Water Street, New York, New York.

## JURISDICTION AND VENUE:

6.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 as it arises under the U.S. Constitution and the laws of the United States. This action presents a federal question pursuant to 42 U.S.C. §1343(a) (3)-(4) and involves questions of federal law.

7.    Plaintiff also seeks declaratory relief as authorized by 28 U.S.C.§§ 2201 and 2202, pursuant to Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

8.    Venue is proper within this judicial district and division, pursuant to 28 U.S.C. §1391(b), because relevant events occurred in this jurisdictional district.

9.    Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the state related claims based on violation of NYSHRL §296 and NYCHRL Ch. 1, §8-107.

## PROCEDURAL REQUIREMENT(S) AND EXHAUSTION OF ADMINISTRATIVE REMEDY(IES):

10.     Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about May 3, 2022.

11.     On or about October 17, 2022, the EEOC issued a Notice of Right to Sue.

12.     As such, Plaintiff has timely filed this instant action and complied with all administrative and procedural requirements necessary to commence this lawsuit.

## RELEVANT BACKGROUND INFORMATION:

13.     Plaintiff was employed by NYCHHC beginning on or about August of 2012 and continuing until May of 2022.

14.     NYCHHC is a public benefit corporation that was established by state statute in 1969, the HHC Act.[1]

15.     Upon information and belief, NYCHHC is the largest hospital and health care system in the country.

16.     Upon information and belief, NYCHHC is a component unit of the City of New York for which the City of New York is financially responsible.

17.     Upon information and belief, NYCHHC is subject to the Department of Citywide Administrative Services, City of New York Equal Employment Opportunity Policy which requires all city agencies to safeguard against discrimination in the workplace, including, but not limited to, religious discrimination.

18.     On or about August of 2012, Plaintiff was hired by NYCHHC as a Confidential Investigator, and was promoted during the year of 2014 to the position of an Associate Confidential Investigator with NYCHHC.

---

[1] Legislation | NY State Senate (nysenate.gov)

19.     From 2012 and continuing into 2015, Plaintiff was employed and assigned to NYCHHC.

20.     However, upon information and belief, pursuant to an agreement between NYCHHC and the Department of Investigation, Office of the Inspector General of NYCHHC ("OIG"), as of December of 2015, Plaintiff was assigned to the OIG, but remained employed by NYCHHC.

21.     OIG is responsible for the investigation and elimination of corruption and unethical practices of NYCHHC officers and employees; persons doing business with NYCHHC; and individuals/entities receiving funds from NYCHHC.

22.     Plaintiff, while assigned to work at OIG, was generally responsible for conducting interviews, performing research, and writing reports.

23.     Plaintiff could perform her job duties remotely, and she did perform the job duties as an Associate Confidential Investigator remotely for many months prior to the availability of any COVID-19 vaccines.

24.     During March of 2020, all employees of NYCHHC assigned to OIG, including Plaintiff, were directed to work remotely.

<u>COVID-19 Mandatory Vaccination Requirements</u>

25.     On August 18, 2021, the New York State Department of Health (the "DOH") ordered that essentially all healthcare workers who interact with patients and/or staff of medical facilities must receive one of the available COVID-19 vaccines - unless either a medical or religious exemption is granted ("the DOH Mandate").

26.     Even individuals who were not employed by a healthcare facility, but, nevertheless, may be required in the course of their job functions to visit a healthcare facility were

subject to the DOH Mandate, and, thus required to receive one of the available COVID-19 vaccines.

27.     However, effective November 24, 2021, the DOH Mandate was modified to exclude any religious exemptions.

28.     On November 5, 2021, the Center for Medicare and Medicaid Services implemented the Interim Final Rule, 86 Fed. Reg. 61555, 61615 mandating that all healthcare facilities receiving Medicare and/or Medicaid require staff to be vaccinated from COVID-19 ("the CMS Mandate").

29.     Individuals who work in or for healthcare facilities, but could perform their job duties remotely, were exempt from compliance with the CMS Mandate.

30.     Also, the CMS Mandate required employers subject to the mandate to provide exemptions from the mandate for individuals who, due to their religious beliefs or medical conditions, could not receive a COVID-19 vaccine.

<u>NYCHHC's Notification to Employees Regarding</u>
<u>Mandatory COVID-19 Vaccination Requirement</u>

31.     During September of 2021, NYCHHC notified its employees of the requirement to comply with the DOH Mandate and, therefore, directed all staff providing in-person services at either NYCHHC hospitals or in the community to receive the first dose of one of the available COVID-19 vaccines before September 27, 2021. The notice also required that the employees subject to the DOH Mandate to be fully vaccinated by November 8, 2021.

32.     Any employee of NYCHHC who did not receive one of the available COVID-19 vaccines would be placed on leave of absence without pay ("LWOP").

33.    Any employee of NYCHHC who worked remotely was not required to comply with the DOH Mandate to maintain employment.

NYCHHC's Notification to Employees Regarding
Requests for a Reasonable Accommodation

34.    On or around September 8, 2021, NYCHHC notified its employees that any requests for a religious accommodation to be exempted from the DOH Mandate must be submitted by September 14, 2021.

35.    Pursuant to the September 24, 2021 notice, if a request for an accommodation was granted, then the employee would be permitted to work remotely if the job duties could be performed remotely.

36.    Pursuant to the September 24, 2021 notice, if an individual did not receive an accommodation and also did not comply with the DOH Mandate, then the individual would be placed on LWOP.

37.    All requests by employees of NYCHHC for an accommodation to be exempt from the DOH Mandate were to be submitted to the Office of Equal Employment Opportunity ("EEO").

38.    Pursuant to NYCHHC's Operating Procedure 20-32 pertaining to its Equal Employment Opportunity Policy and Program ("EOP 20-32"), the denial of reasonable accommodations for sincerely held religious beliefs is prohibited. (See **"Exhibit A"**).

39.    Pursuant to EOP 20-32, NYCHHC shall grant requests by employees for a reasonable accommodation of the individual's sincerely held religious beliefs, practices or observances unless granting such request will cause an undue hardship to the operation of the applicable facility. (See Exhibit A).

40.     Pursuant to EOP 20-32, undue hardship may exist when an accommodation is significantly difficult or unduly costly, extensive, substantial, disruptive or would fundamentally change the nature or operation of NYCHHC's business. (See Exhibit A).

41.     Pursuant to EOP 20-32, Section IV(B), requests for religious accommodations are also governed by NYCHHC's Operating Procedure 20-18 entitled "CORPORATION POLICY WITH RESPECT TO REQUESTS FOR RELIGIOUS ACCOMMODATIONS" ("EOP 20-18"). (See **"Exhibit B"**).

42.     Pursuant to EOP 20-18, requests for religious accommodations in general must be responded to by NYCHHC not later than three weeks after the requests are submitted. (See Exhibit B).

43.     Pursuant to both EOP 20-18 and EOP 20-32, there must be an interactive dialogue geared towards either granting the request for a religious accommodation and/or consideration of alternative viable options to accommodate the employee's sincerely held religious beliefs. (See Exhibits A and B).

<u>Plaintiff's Request for a Reasonable Accommodation</u>

44.     On August 12, 2021, Plaintiff submitted a request to NYCHHC seeking exemption from any COVID-19 vaccines due to her sincerely held religious beliefs as conveyed in a letter from a religious leader.

45.     By way of correspondence dated August 24, 2021, Plaintiff provided a supplemental explanation regarding how weekly testing conflicted with her sincerely held religious beliefs.

46.     On or about September 2, 2021, EEO, on behalf of NYCHHC, granted Plaintiff an accommodation to be exempted from weekly COVID-19 testing in connection with the DOH Mandate.

47.     On or about September 8, 2021, EEO acknowledged receipt of the information in connection with Plaintiff's request to receive an accommodation to be exempted from the DOH Mandate due to her sincerely held religious beliefs.

48.     On September 14, 2021, NYCHHC forwarded correspondence to Plaintiff entitled RELIEF FROM DUTY ADVANCED NOTICE which indicated that, effective September 27, 2021, Plaintiff would be placed on LWOP due to the failure to comply with the DOH Mandate.

49.     On September 27, 2021, EEO notified Plaintiff that she was placed on LWOP from her employment with NYCHHC.

50.     The LWOP notice sent to Plaintiff by EEO on September 27, 2021 indicated that a review of Plaintiff's job duties revealed that there are no reasonable accommodations available which would permit Plaintiff, if working remotely, to perform the essential functions of the job as an Associate Confidential Investigator.

51.     However, in an about face reversal, on September 30, 2021, NYCHHC notified Plaintiff that she was approved to work entirely remotely.

52.     As such, Plaintiff was allowed to continue performing the essential functions of her job as an Associate Confidential Investigator on behalf of NYCHHC entirely remotely for several months, without incident beginning on September 27, 2021 and continuing into the year of 2022.

53.     On or about January 25, 2022, Plaintiff, while continuing to work remotely, received notice of a requirement that employees of NYCHHC must obtain a booster dose of one of the available COVID-19 vaccines by February 21, 2022 to comply with the mandatory vaccination requirement(s) pertaining to healthcare workers in New York State ("the NYS Booster Mandate").[2]

54.     Pursuant to the January 25, 2022 notice provided to Plaintiff, if an employee failed to comply with the NYS Booster Mandate by February 21, 2022, then the employee would not be cleared to work starting on February 22, 2022.

55.     Any employee of NYCHHC who did not comply with the NYS Booster Mandate by February 21, 2022 would eventually be placed on LWOP, and, thereafter, terminated unless the employee subsequently complied with the NYS Booster Mandate.

56.     Since Plaintiff had timely submitted a request for an accommodation to be exempted from the DOH Mandate due to her sincerely held religious beliefs during 2021, and was working entirely remotely for NYCHHC, she did not believe that the January 25, 2022 notice regarding the NYS Booster Mandate applied to her.

57.     However, on or about January 26, 2022, Plaintiff received notification that it would be necessary to submit another request for a religious exemption from any COVID-19 booster requirement pertaining to employees of NYCHHC, including the NYS Booster Mandate.

58.     On or about January 28, 2022, Plaintiff submitted another request for a religious exemption from any COVID-19 booster requirement, and also reiterated the initial

---

[2] During January of 2022, the DOH released Updated Frequently Asked Questions pertaining to COVID-19 vaccination, including the requirement of an additional booster dose or supplemental COVID-19 vaccine to maintain employment in health care facilities located in New York State.

request to be exempted from the DOH Mandate which she had originally submitted to NYCHCC/EEO during the fall of 2021.

59.     On February 15, 2022, Plaintiff submitted another request to NYCHHC/EEO requesting a decision as to whether the religious accommodation request to be exempted from the DOH Mandate, which she originally submitted on August 12, 2021 and submitted again on September 8, 2021, was granted.

60.     On February 18, 2022, EEO notified Plaintiff that its lack of a response to the September 8, 2021 request made by Plaintiff seeking an accommodation in order to be exempted from the DOH Mandate was due to Plaintiff working remotely at the time that the request was submitted.

61.     EEO also notified Plaintiff on February 18, 2022 that she was being placed on LWOP from employment at NYCHHC beginning on March 1, 2022 and continuing through April 30, 2022.

62.     EEO's determination to place Plaintiff on LWOP in connection with her employment at NYCHHC was claimed to be due to unvaccinated staff posing a risk in the workplace, and that purportedly there was no reasonable accommodation available that would permit Plaintiff to perform the essential functions of her job remotely.

63.     EEO's determination regarding no available reasonable accommodations was ostensibly based on its review of Plaintiff's job duties; EEO's determination was not based on any interactive meaningful, substantive dialogue with Plaintiff because no such dialogue occurred.

64.     Interesting enough, NYCHHC forwarded to Plaintiff a Telework Agreement which allowed Plaintiff to continue working entirely remotely as an Associate Confidential

Investigator from March 1, 2022 and continuing through March 31, 2022 – notwithstanding the February 18, 2022 notice from EEO to Plaintiff that she was being placed on LWOP from employment with NYCHHC.

65.    The Telework Agreement entered between the parties during the time in which EEO purportedly concluded that no reasonable accommodation was available which would permit Plaintiff to perform the essential functions of her job remotely entirely undermines the legitimacy and integrity of EEO's claimed investigation of Plaintiff's request for an accommodation.

66.    On February 22, 2022, Plaintiff notified EEO of its lack of compliance with EOP 20-32 and EOP 20-18, which consisted of the applicable operating procedures relative to the manner in which requests for accommodations were to be handled.

67.    Plaintiff followed up yet again with EEO on March 24, 2022 requesting information as to what process or procedure EEO was utilizing in connection with her request for a religious accommodation.

68.    On April 28, 2022, EEO notified Plaintiff that no additional LWOP could be granted, and that notification would come from the Human Resources Department/Division of NYCHHC regarding voluntary employment resignation options.

69.    On April 29, 2022, Plaintiff received an ultimatum from NYCHHC which consisted of notification that the LWOP had expired and, unless Plaintiff complied with the DOH Mandate by May 23, 2022, then termination would be the outcome.

70.    On May 23, 2022, Plaintiff received the dreaded official termination notice from NYCHHC.

71.  Plaintiff applied for unemployment insurance benefits upon being terminated from NYCHHC.

72.  Upon information and belief, individuals subject to the DOH Mandate and the NYS Booster Mandate would generally be ineligible for unemployment insurance benefits.

73.  The New York State Department of Labor website contains the following insert regarding the generally unavailability of receipt of unemployment insurance benefits for individuals who are subject to mandatory vaccination requirements as a condition of employment, but elect not to receive any vaccination:

> **6. If a worker refuses to get vaccinated, will they be eligible for UI benefits?**
>
> Like all UI claims, eligibility will depend on the circumstances as each claim is unique and reviewed on a case-by-case basis. **Workers in a healthcare facility, nursing home, or school who voluntarily quit or are terminated for refusing an employer-mandated vaccination will be ineligible for UI absent a valid request for accommodation because these are workplaces where an employer has a compelling interest in such a mandate**, especially if they already require other immunizations. Similarly, a public employee who works in a public setting and is subject to a local government mandate to submit proof of vaccination or negative testing may be disqualified from the receipt of UI if they refuse to get vaccinated or tested. In contrast, **a worker who refuses an employer's directive to get vaccinated may be eligible for UI in some cases, if that person's work has no public exposure and the worker has a compelling reason for refusing to comply with the directive**.[3]

74.  There was an exception to the above rule of ineligibility for unemployment insurance benefits for individuals who worked in a capacity which required no interaction with patients and/or healthcare workers.

75.  This is in fact what the Administrative Law Judge ("the ALJ") who conducted a hearing in connection with Plaintiff's request for unemployment insurance benefits concluded, i.e. Plaintiff could work remotely. (See **"Exhibit C"**).

76.  The ALJ concluded as follows:

> The Employer allowed [Plaintiff] to work remotely from home without being vaccinated after the September 27, 2021 deadline to get vaccinated. … The

---

[3] Unemployment Insurance Top Frequently Asked Questions | Department of Labor (ny.gov)

> employer did not tell [Plaintiff] that her work performance would be better if she
> returned to work in the employer's office. The employer separated [Plaintiff]
> from her job because she would not take the covid vaccine. … The credible
> evidence establishes that [Plaintiff] had good cause to quit her job. I conclude that,
> based on [Plaintiff] consistent credible testimony, she had a sincerely held
> religious belief that she cannot take the covid vaccine. In addition, [Plaintiff]
> credibly testified that she worked in a building that did not treat patients and that
> she worked remotely for four months after the vaccine deadline….

(See Exhibit C).

77. NYCHHC had the right to challenge Plaintiff's request for unemployment insurance benefits.

78. NYCHHC elected not to participate in the hearing held before the ALJ in connection with Plaintiff's request for unemployment insurance benefits.

79. The ALJ's favorable decision awarding Plaintiff unemployment insurance benefits was not based on the lack of participation by NYCHHC at the hearing held in connection with Plaintiff's request for unemployment insurance benefits. (See Exhibit C).

80. Instead, the ALJ granted Plaintiff's request for unemployment insurance benefits based on the credible evidence presented at the hearing held before the Unemployment Insurance Board. (See Exhibit C).

81. Notice of the ALJ's favorable decision was sent to NYCHHC on September 29, 2022. (See Exhibit C).

82. The favorable decision of the ALJ in granting Plaintiff's request for unemployment insurance benefits was never challenged by NYCHHC.

83. NYCHHC has not appealed the ALJ's favorable decision awarding Plaintiff unemployment insurance benefits.

84. NYCHHC is bound by the ALJ's determination that Plaintiff had worked remotely from home for several months and was entitled to receive unemployment insurance benefits.

85.    The award of unemployment insurance benefits to Plaintiff by the ALJ serves as irrefutable evidence that Plaintiff could, and did, work from remotely and should have been exempted by NYCHHC/EEO from the DOH Mandate and the NYS Booster Mandate.

86.    Plaintiff remains fully capable and able to perform her job duties on behalf of NYCHHC remotely and, accordingly, seeks – among other forms of relief – full reinstatement as an Associate Confidential Investigator with NYCHHC.

## CAUSES OF ACTION:

### FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANT NYCHCC
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### Termination on the Basis of Religion:

87.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

88.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. contains the following definitions:

(b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, any agent of such a person…;
. . .
(f) The term "employee" means an individual employed by an employer…
…
(j) The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

89.    42 U.S.C. §2000e-2 entitled UNLAWFUL EMPLOYMENT PRACTICES provides, in relevant part, as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

(m) Impermissible consideration of race, color, religion, sex, or national origin in employment practices.

Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated that practice.

90.   NYCHHC, upon information and belief, has employed not less than fifteen employees for all relevant periods and is a covered employer subject to Title VII.

91.   Plaintiff, for all relevant periods herewith, was a Title VII covered employee of NYCHHC.

92.   Plaintiff is Jewish, adheres to religious tenets associated with her faith, and, as such, falls within the class of individuals protected by Title VII.

93.   Plaintiff, as a woman of faith and in furtherance of her sincerely held religious beliefs, cannot receive any of the COVID-19 vaccines.

94.   Plaintiff received notice of the DOH Mandate during August of 2021 which, upon information and belief, became a condition to maintain employment with NYCHHC. As similar to the DOH Mandate, upon information and belief, the NYS Booster Mandate became a condition to maintain employment with NYCHHC.

95.    Plaintiff informed her employer, NYCHHC, of the existence of a conflict between Plaintiff's religious beliefs and a requirement of her job, namely the DOH Mandate; and she later informed NYCHHC of the same conflict with the NYS Booster Mandate.

96.    Accordingly, Plaintiff requested an accommodation to be exempted from the DOH Mandate and later the NYS Booster Mandate due to her sincerely held religious beliefs.

97.    By nature of the work performed by Plaintiff as an employee of NYCHHC, she could work remotely.

98.    Indeed, Plaintiff, along with other employees of NYCHHC assigned to OIG, were directed beginning in March of 2020 to work remotely.

99.    Moreover, Plaintiff was working entirely remotely for NYCHHC without any incidents beginning on September 27, 2021 and continuing into the year of 2022.

100.   The ALJ who granted Plaintiff's request for unemployment insurance benefits award concluded that Plaintiff was performing work remotely essentially without NYCHHHC raising any issue that the job as an Associate Confidential Investigator could be performed any better in the workplace. NYCHHC has never challenged the ALJ's decision. (See Exhibit C).

101.   Although Plaintiff could have continued to work remotely for NYCHHC, she was needlessly terminated by NYCHHC for the inability to comply with the DOH Mandate and the NYS Booster Mandate as compliance with either mandate would require Plaintiff to violate her sincerely held religious beliefs.

102.   NYCHHC, in denying Plaintiff's request for an accommodation to be exempted from the DOH Mandate and the NYS Booster Mandate, is in violation of Title VII.

103.    The actions of NYCHHC, in terminating Plaintiff from employment due to her exercising her sincerely held religious beliefs, constitutes discriminatory unemployment practices in violation of Title VII.

104.    As a direct result of the actions of NYCHHC's unlawful employment practices in violation of Title VII, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

**SECOND CAUSE OF ACTION
AGAINST THE DEFENDANT NYCHHC
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 –
Failure to Engage in Meaningful Dialogue and
Failure to Provide Reasonable Accommodations:**

105.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

106.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

107.    NYCHHC, upon information and belief, has employed not less than fifteen employees for all relevant periods and is a covered employer subject to Title VII.

108.    Plaintiff, for all relevant periods herewith, was a Title VII covered employee of NYCHHC.

109.    Plaintiff is Jewish, adheres to religious tenets associated with her faith, and, as such, falls within the class of individuals protected by Title VII.

110. Plaintiff, as a woman of faith and in furtherance of her sincerely held religious beliefs, cannot receive any of the COVID-19 vaccines.

111. Plaintiff received notice of the DOH Mandate during August of 2021 which, upon information and belief, became a condition to maintain employment with NYCHHC. As similar to the DOH Mandate, upon information and belief, the NYS Booster Mandate became a condition to maintain employment with NYCHHC.

112. Plaintiff informed her employer, NYCHHC, of the existence of a conflict between Plaintiff's religious beliefs and a requirement of her job, namely the DOH Mandate; and she later informed NYCHHC of the same conflict with the NYS Booster Mandate.

113. Accordingly, Plaintiff requested an accommodation to be exempted from the DOH Mandate and later the NYS Booster Mandate due to her sincerely held religious beliefs.

114. By nature of the work performed by Plaintiff as an employee of NYCHHC, she could work remotely.

115. Indeed, Plaintiff, along with other employees of NYCHHC assigned to OIG, were directed beginning in March of 2020 to work remotely.

116. Moreover, Plaintiff was working entirely remotely for NYCHHC without any incidents beginning on September 27, 2021 and continuing into the year of 2022.

117. On February 15, 2022, Plaintiff submitted another request to NYCHHC requesting a decision as to whether the religious accommodation request to be exempted from the DOH Mandate on August 12, 2021 and also September 8, 2021 was granted.

118. On February 18, 2022, EEO notified Plaintiff that the lack of a response to the request made by Plaintiff on September 8, 2021 seeking a religious accommodation to be exempted from the DOH Mandate was due to Plaintiff working remotely.

119.   EEO also notified Plaintiff on February 18, 2022 that she was being placed on LWOP in connection with her employment at NYCHHC beginning on March 1, 2022 and continuing through April 30, 2022.

120.   EEO's explanation for placing Plaintiff on LWOP in connection with her employment at NYCHHC was due to unvaccinated staff posing a risk in the workplace, and also the EEO's unilateral and unsubstantiated determination that no reasonable accommodation was available that would permit Plaintiff to perform the essential functions of her job remotely.

121.   EEO's determination was inapposite to the truth that a reasonable accommodation was readily available given that Plaintiff could perform her job duties as an Associate Confidential Investigator remotely.

122.   According to EEO, its determination regarding no available reasonable accommodations was based on its review of Plaintiff's job duties.

123.   EEO, on behalf of NYCHHC, did not engage in any good faith bona fide effort during 2022 to accommodate Plaintiff's religious beliefs which compelled her to decline receiving any COVID-19 vaccine.

124.   EEO, on behalf of NYCHHC, did not engage in any substantive and/or meaningful dialogue with Plaintiff regarding available reasonable accommodations prior to placing her on LWOP in 2022 and ultimately terminating Plaintiff.

125.   EEO, on behalf of NYCHHC, did not engage in any interactive and/or cooperative dialogue with Plaintiff regarding available reasonable accommodations prior to placing her on LWOP in 2022 and ultimately terminating Plaintiff.

126.    This utter failure of EEO, on behalf of NYCHHC, to engage in any substantive and/or meaningful dialogue with Plaintiff is clearly evident in the issuance to Plaintiff by NYCHHC of a Telework Agreement allowing Plaintiff to work entirely remotely beginning on March 1, 2022 and continuing until March 31, 2022 as an Associate Confidential Investigator for NYCHHC.

127.    The Telework Agreement, with effective dates from March 1, 2022 and continuing until March 31, 2022, entirely undermines the February 18, 2022 determination by EEO that the essential functions of Plaintiff's job as an Associate Confidential Investigator could not be performed remotely.

128.    The Telework Agreement entirely undercuts the validity of any genuine investigation actually being undertaken by EEO which, upon information and belief, conducted its sham investigation on or around the same period of time in which the Telework Agreement was sent by NYCHHC to Plaintiff.

129.    Essentially, NYCHHC conceded, as evident by the Telework Agreement, that Plaintiff could continue to perform the essential functions of her job entirely remotely without any undue hardship to Defendant.

130.    While EEO, on behalf of NYCHH, during the same period of time that NYCHHC determined that Plaintiff could continue to work entirely remotely, erroneously concluded that there were no reasonable accommodations available that would allow Plaintiff to continue working as an Associate Confidential Investigator for NYCHCC.

131.    NYCHHC, through the EEO, which is the authorized representative of NYCHHC in connection with requests for religious accommodations, refused to explore available reasonable alternatives prior to placing Plaintiff on LWOP in 2022.

132.   NYCHHC, through the EEO, which is the authorized representative of NYCHHC in connection with requests for religious accommodations, refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiff during 2022 to accommodate her sincerely held religious beliefs.

133.   NYCHHC never demonstrated that an accommodation posed an undue hardship on the operation of the business.

134.   NYCHHC intentionally violated Plaintiff's rights under Title VII with malice and/or reckless indifference.

135.   As a direct result of the actions of NYCHHC's unlawful employment practices in violation of Title VII, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

**THIRD CAUSE OF ACTION**
**AGAINST THE DEFENDANT NYCHCC**
**42 U.S.C. §1983 - RELIGION CLAUSES -**
**FIRST AMENDMENT FREE EXERCISE CLAUSE**
**UNITED STATES CONSTITUTION**

136.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

137.   The right to free exercise of religion is a right protected and guaranteed by the First Amendment of the U.S. Constitution.

138.   The liberties under the First Amendment apply to the states and their political subdivisions through the Fourteenth Amendment.

139.    Compliance with the DOH Mandate and the NYS Booster Mandate was a condition of
        employment imposed by NYCHHC.

140.    NYCHHC is an arm of the City of New York, a municipality and thus a "person"
        subject to 42 U.S.C. §1983 as a state governmental actor.

141.    The actions of NYCHHC have been, and continue to be, done under the color of law.

142.    Plaintiff has a sincerely held religious belief that compels her to refuse any COVID-19
        vaccines.

143.    Plaintiff requested an accommodation from NYCHHC to be exempted from the DOH
        Mandate due to her sincerely held religious beliefs, which consisted of an explanation
        from a spiritual leader as to how the available vaccines from COVID-19 conflicted with
        Plaintiff's faith.

144.    By nature of the work performed by Plaintiff as an employee of NYCHHC, she could
        work remotely.

145.    Indeed, Plaintiff, along with other employees of NYCHHC assigned to OIG, were
        directed beginning in March of 2020 to work remotely.

146.    Moreover, Plaintiff was working entirely remotely for NYCHHC without any incidents
        beginning on September 27, 2021 and continuing into the year of 2022.

147.    Ultimately, while Plaintiff could continue to work remotely for NYCHHC, she was
        given an ultimatum requiring Plaintiff to choose between her employment and her faith.

148.    NYCHHC has engaged in indirect coercion and penalties on Plaintiff for the exercise
        of her religion.

149.    In doing so, NYCHHC has excluded Plaintiff, as a religious observer, from continued
        employment.

150.  Laws that burden religion are subject to strict scrutiny.

151.  Upon information and belief, neither the DOH Mandate nor the NYS Booster Mandate satisfy strict scrutiny due to the carveouts or exemptions available to individuals with medical conditions that prevent receiving any of the available COVID-19 vaccines, while denying even the possibility of submitting a request for an exemption to those individuals who, due to religious reasons, cannot accept any COVID-19 vaccine.

152.  In addition to the inherently built-in religious bias of the DOH Mandate and also the NYS Booster Mandate, there is no plausible explanation supporting how allowing individuals who receive medical exemptions from receiving any COVID-19 vaccine are actually allowed to work in healthcare settings unvaccinated if the claimed purpose of the DOH Mandate and also the NYS Booster Mandate was to protect the health of patients.

153.  Plaintiff could work as an Associate Confidential Investigator on behalf of NYCHHC remotely, as Plaintiff did in fact work for quite some time entirely remotely performing all of her job duties and, thus, Plaintiff was beyond the reach of both the DOH Mandate and the NYS Booster Mandate.

154.  The ALJ who granted Plaintiff's request for unemployment insurance benefits concluded that Plaintiff was performing work remotely essentially without NYCHHHC raising any issue that the job as an Associate Confidential Investigator could be performed any better in the workplace. NYCHHC has never challenged the ALJ's decision. (See Exhibit C).

155.  Since Plaintiff could work entirely remotely and should have been exempted from the DOH Mandate and the NYS Booster Mandate, but instead was wrongfully terminated

by NYCHHC due to her religious convictions only further supports that Plaintiff has been wrongfully and unnecessarily deprived of the enjoyment of the religious liberties guaranteed by the First Amendment.

156.    The DOH Mandate and the NYS Booster Mandate implemented by NYCHHC forces Plaintiff to choose between receiving a COVID-19 vaccination in violation of her sincerely held religious belief or be fired.

157.    Thus, the conduct of NYCHHC imposes a substantial burden on Plaintiff and interferes with, and deprives her of, the enjoyment of the religious liberties guaranteed by the First Amendment.

158.    As a direct result of the actions of NYCHHC's violation of the First Amendment, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

### FOURTH CAUSE OF ACTION
### AGAINST THE DEFENDANT NYCHCC
### 42 U.S.C. §1983
### THE SUPREMACY CLAUSE, ARTICLE VI, CLAUSE 2
### UNITED STATES CONSTITUTION

159.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

160.    Article VI, Clause 2 of the United States Constitution provides as follows:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

161.  Pursuant to Title VII, employers must provide a reasonable accommodation to employees for sincerely held religious beliefs.

162.  NYCHHC, upon information and belief, has employed not less than fifteen employees for all relevant periods and is a covered employer subject to Title VII.

163.  Plaintiff, for all relevant periods herewith, was a covered employee of NYCHHC.

164.  Compliance with the DOH Mandate and the NYS Booster Mandate was a condition of employment imposed by NYCHHC.

165.  NYCHHC is an arm of the City of New York, a municipality and thus a "person" subject to 42 U.S.C. §1983 as a state governmental actor.

166.  Plaintiff is Jewish, adheres to religious tenets associated with her faith, and, as such, falls within the class of individuals protected by Title VII.

167.  Plaintiff, as a woman of faith and in furtherance of her sincerely held religious beliefs, cannot receive any of the COVID-19 vaccines.

168.  Plaintiff received notice of the DOH Mandate which required individuals who work in a healthcare facility in New York State to receive a COVID-19 vaccine.

169.  The DOH Mandate became a condition to maintain employment with NYCHHC.

170.  Plaintiff requested an accommodation from NYCHHC to be exempted from the DOH Mandate due to her sincerely held religious beliefs.

171.  By nature of the work performed by Plaintiff as an employee of NYCHHC, she could work remotely.

172.  Notwithstanding the implementation and enforcement of the DOH Mandate and the NYS Booster Mandate, Title VII still remains legally enforceable and requires employers to comply with the same.

173. Plaintiff submitted a timely request to NYCHHC/EEO for an accommodation to be exempted from the DOH Mandate and also the NYS Booster Mandate in connection with her employment with NYCHHC.

174. The official response received from EEO on behalf of NYCHHC during February of 2022 to Plaintiff's request for an accommodation consisted of a denial of the request based on health and safety concerns and the unsupported determination by EEO that Plaintiff could not perform the essential functions of the job as an Associate Confidential Investigator remotely.

175. However, Plaintiff's job had been performed entirely remotely for many months and could continue to be performed entirely remotely.

176. The ALJ who granted Plaintiff's request for unemployment insurance benefits concluded that Plaintiff was performing work remotely without NYCHHHC raising any issue that the job as an Associate Confidential Investigator could be performed any better in the workplace. NYCHHC has never challenged the ALJ's decision. (See Exhibit C).

177. As such, there was simply no undue hardship that would support the denial of a reasonable accommodation as required by Title VII.

178. NYCHHC/EEO elected to disavow or ignore the legal requirements of Title VII regarding reasonable accommodations.

179. Instead, NYCHHC/EEO elected to seek compliance with the DOH Mandate and the NYS Booster Mandate – neither of which allow religious exemptions.

180. Plaintiff, as an employee of NYCHHC who could work entirely remotely, is beyond the reach of the DOH Mandate and the NYS Booster Mandate.

181.   Therefore, NYCHHC should have granted Plaintiff a complete exemption from compliance with the DOH Mandate and the NYS Booster Mandate.

182.   NYCHHC, in mandating that Plaintiff comply with the DOH Mandate and the NYS Booster Mandate, without providing Plaintiff with a reasonable accommodation in accordance with Title VII, is in violation of the Supremacy Clause.

183.   Also, pursuant to the CMS Mandate, facilities that receive Medicare and/or Medicaid must ensure that its staff are vaccinated from COVID-19 unless either a religious or medical exemption is granted.

184.   The CMS Mandate is binding federal regulation that supersedes and preempts any state laws conflicting with it.

185.   Upon information and belief, NYCHHC is subject to the CMS Mandate, which requires healthcare facilities receiving Medicare and/or Medicaid to ensure that staff are vaccinated from COVID-19.

186.   The CMS Mandate does not apply to employees of healthcare facilities that can work remotely, such as Plaintiff who could perform her job duties remotely on behalf of NYCHHC without the need for receiving any of the available COVID-19 vaccines.

187.   NYCHHC elected to ignore or disavow the CMS Mandate which is binding federal law.

188.   NYCHHC elected to seek compliance with the DOH Mandate and the NYS Booster Mandate – neither of which allow religious exemptions.

189.   NYCHHC/EEO, in response to Plaintiff's request for an accommodation, elected to ignore the CMS Mandate and instead opted to seek compliance only with the DOH Mandate and the NYS Booster Mandate.

190.   NYCHHC, in failing to comply with the CMS Mandate, but instead electing to seek compliance with the DOH Mandate, is in violation of the Supremacy Clause.

191.   Thus, the conduct of NYCHHC is in violation of the Supremacy Clause based on the employer's refusal to comply with Title VII.

192.   Likewise, the conduct of NYCHHC is in violation of the Supremacy Clause based on the employer's refusal to comply with the CMS Mandate.

193.   As a direct result of the actions of NYCHHC's violation of the Supremacy Clause, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

**FIFTH CAUSE OF ACTION**
**AGAINST THE DEFENDANT NYCHHC**
**42 U.S.C. §1983**
**THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**
**UNITED STATES CONSTITUTION**

194.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint and incorporate those allegations herein by reference.

195.   The Due Process Clause prohibits the states from depriving "any person of life, liberty, or property, without due process of law".

196.   Plaintiff possessed a property interest in her employment at NYCHHC.

197.   Compliance with the DOH Mandate and the NYS Booster Mandate was a condition of employment imposed by NYCHHC.

198.   NYCHHC is an arm of the City of New York, a municipality and thus a "person" subject to 42 U.S.C. §1983 as a state governmental actor.

199.   Pursuant to both EOP 20-18 and EOP 20-32, there must be an interactive dialogue geared towards either granting the request for a religious accommodation and/or consideration of alternative viable options to accommodate the employee's sincerely held religious beliefs. (See Exhibits A and B).

200.   EEO was authorized and/or empowered, for all relevant time periods, to receive requests for religious accommodations made on behalf of individuals employed by NYCHHC who were seeking to be exempted from the DOH Mandate and the NYS Booster Mandate.

201.   EEO was authorized and/or empowered, for all relevant time periods, to evaluate and make a determination in connection with requests for religious accommodations made on behalf of individuals employed by NYCHHC.

202.   Plaintiff's initial request for an accommodation to be exempted from the DOH Mandate was submitted to NYCHHC in August of 2021.

203.   By early September of 2021, EEO acknowledged that Plaintiff submitted a request for an accommodation to be exempted from the DOH Mandate due to her sincerely held religious beliefs.

204.   By way of the EEO's own admission, it was not until February of 2022 that EEO on behalf of NYCHHC provided its official response to Plaintiff's request for an accommodation.

205.   The untimely official response to Plaintiff's request for an accommodation was confusing and/or misleading given that Plaintiff's request was deemed as "granted" by EEO which meant that Plaintiff would not be allowed to continue working remotely.

206. Instead, EEO's untimely official response consisted of notifying Plaintiff that she was being placed on LWOP.

207. Pursuant to NYCHCC's operating procedure, EOP 20-32, the denial of reasonable accommodations for sincerely held religious beliefs is **prohibited**. (See Exhibit A).

208. Pursuant to EOP 20-32, NYCHHC shall grant requests by employees for a reasonable accommodation of the individual's sincerely held religious beliefs, practices or observances unless granting such request will cause an undue hardship to the operation of the applicable facility. (See Exhibit A).

209. Pursuant to EOP 20-32, undue hardship may exist when an accommodation is significantly difficult or unduly costly, extensive, substantial, disruptive or would fundamentally change the nature or operation of NYCHHC's business. (See Exhibit A).

210. Pursuant to Section IV(B) of EOP 20-32, requests for religious accommodations are also governed by EOP 20-18. (See Exhibit A).

211. Pursuant to EOP 20-18, requests for religious accommodations in general must be responded to by NYCHHC **not later than three weeks** after the requests are submitted. (See Exhibit B).

212. Pursuant to both EOP 20-18 and EOP 20-32, there must be an **interactive dialogue** geared towards either granting the request for a religious accommodation and/or consideration of alternative viable options to accommodate the employee's sincerely held religious beliefs. (See Exhibits A and B).

213. There was never any substantive, meaningful, cooperative and/or interactive dialogue as required by EOP 20-18 and EOP 20-32 since EEO did not make any good faith bona

fide effort to grant Plaintiff's request for a religious accommodation to be exempted from the DOH Mandate and the NYS Booster Mandate due to her sincerely held religious beliefs during 2022.

214. There was never any substantive, meaningful, cooperative and/or interactive dialogue as required by EOP 20-18 and EOP 20-32 since EEO did not make any good faith bona fide effort to consider alternative viable options to accommodate Plaintiff's sincerely held religious beliefs during 2022.

215. It was only when Plaintiff took the initiative in January of 2022 and then again during February of 2022 due to the lack of any official response from EEO regarding her initial request for a religious accommodation made during 2021, that finally an official response was received by EEO in connection with Plaintiff's request for a religious accommodation to be exempted from compliance with the DOH Mandate.

216. NYCHHC/EEO's official response to Plaintiff's request for a religious exemption was the placement of Plaintiff on LWOP, concluding that the essential functions of the job as an Associate Confidential Investigator could not be performed remotely.

217. There is no verifiable evidence supporting that by allowing Plaintiff to continue to work remotely would create an "undue hardship" as such terms are defined within EOP 20-18 and EOP 20-32.

218. Indeed, in direction contradiction of any undue hardship claimed to exist by EEO on February 18, 2022 if Plaintiff received an accommodation to be exempt from the DOH Mandate and the NYS Booster Mandate due to her sincerely held religious beliefs, NYCHHC actually sent Plaintiff a Telework Agreement which entirely undermines the credibility of EEO's investigation and ultimate decision to place Plaintiff on LWOP.

219.  The Telework Agreement would have allowed Plaintiff to continue to work entirely remotely from March 1, 2022 until March 31, 2022 entirely refutes EEO's faulty decision of February 18, 2022 whereby the EEO placed Plaintiff on LWOP.

220.  NYCHHC/EEO's decision in February of 2022 to place Plaintiff on LWOP was not in compliance with its own operating procedures as contained in EOP 20-32 and EOP 20-18. (See Exhibits A and B).

221.  Subsequent to the placement of Plaintiff on LWOP which was actually violative of NYCHHC's operating procedures, NYCHHC then terminated Plaintiff from her job as she was compelled to adhere to sincerely held religious beliefs against receiving any COVID-19 vaccine.

222.  Plaintiff has lost a property right inasmuch that she has been terminated from employment with NYCHHC as an Associate Confidential Investigator without due process which required NYCHHC/EEO to provide Plaintiff with a religious accommodation unless the accommodation would create an undue hardship.

223.  By placing Plaintiff on LWOP and then finally terminating her employment with NYCHHC without following the requisite policies and procedures contained in EOP 20-18 and EOP 20-32 NYCHHC is a violation of the Due Process Clause.

224.  As a direct result of the actions of NYCHHC's violation of Due Process Clause, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

### SIXTH CAUSE OF ACTION
### AGAINST THE DEFENDANT NYCHHC

## NEW YORK STATE EXECUTIVE LAW
## <u>ARTICLE 15, §296 HUMAN RIGHTS LAW</u>

225.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint and incorporate those allegations herein by reference.

226.    NYCHHC is an employer subject to NYSHRL.

227.    §296 of Art. 15 of NYSHRL provides, in relevant part, as follows:

**§296. Unlawful discriminatory practices.**

10.

(a) It shall be an unlawful discriminatory practice for any employer,
or an employee or agent thereof, to impose upon a person as a
condition of obtaining or retaining employment, including
opportunities for promotion, advancement or transfers, any terms or
conditions that would require such person to violate or forego a
sincerely held practice of his or her religion, … , unless, after
engaging in a bona fide effort, the employer demonstrates that it is
unable to reasonably accommodate the employee's or prospective
employee's sincerely held religious observance or practice without
undue hardship on the conduct of the employer's business.
…

(d) …

(1) "undue hardship" shall mean an accommodation requiring
significant expense or difficulty ….

228.    Plaintiff is a Jewish and adheres to Jewish faith and, as such, falls within the class of

individuals protected by §296 of NYSHRL.

229.    Plaintiff, as a Jew who adheres to Jewish faith and practices, in furtherance of her

sincerely held religious beliefs, cannot receive any of the COVID-19 vaccines.

230.    Plaintiff received notice of the DOH Mandate during August of 2021 which, upon

information and belief, became a condition to maintain employment with NYCHHC.

As similar to the DOH Mandate, upon information and belief, the NYS Booster Mandate became a condition to maintain employment with NYCHHC.

231.   EEO was authorized and/or empowered, for all relevant time periods, to receive requests for religious accommodations made on behalf of individuals employed by NYCHHC who were seeking to be exempted from the DOH Mandate and the NYS Booster Mandate.

232.   EEO was authorized and/or empowered, for all relevant time periods, to evaluate and make a determination in connection with requests for religious accommodations made on behalf of individuals employed by NYCHHC.

233.   NYCHHC received notice on August 21, 2021 that Plaintiff was requesting an accommodation to be exempted from the DOH Mandate due to her sincerely held religious beliefs.

234.   Plaintiff's request for an accommodation to NYCHHC was dated August 12, 2021 and consisted of an explanation from a spiritual leader as to how the available vaccines from COVID-19 conflicted with Plaintiff's faith.

235.   EEO, on September 8, 2021, acknowledged receipt of Plaintiff's request for an accommodation to be exempted from the DOH Mandate due to her sincerely held religious beliefs.

236.   Initially, Plaintiff was advised that there was no accommodation available which would allow her to perform the essential functions of the job as an Associate Confidential Investigator and thus she was being placed on LWOP.

237.   Less than one week later, Plaintiff was notified that she was approved to work entirely remotely.

238.  As such, Plaintiff worked entirely remotely performing all the essential functions of her job as an Associate Confidential Investigator without incident beginning on September 27, 2021 and continuing into the year of 2022.

239.  In January of 2022, while Plaintiff was working entirely remotely as an Associate Confidential Investigator, NYCHHC notified Plaintiff that it would be necessary to comply with the NYS Booster Mandate to maintain employment with NYCHHC.

240.  Plaintiff was of the understanding that she had already been exempted from complying with any COVID-19 vaccine requirement(s) implemented or imposed by NYCHHC since Plaintiff was allowed to work entirely remotely for several months.

241.  However, given that the notice received by Plaintiff regarding the NYS Booster Mandate and compliance with the same being a condition to maintain employment, Plaintiff inquired during January of 2022 as to whether it would be necessary to submit another request to be exempt from all COVID-19 vaccines.

242.  Based on the response received from NYCHHC, on January 28, 2022, Plaintiff submitted another request to NYCHHC for an accommodation to be exempt from receiving any COVID-19 vaccine due to her sincerely held religious beliefs.

243.  On February 15, 2022, Plaintiff submitted another request to NYCHHC requesting a decision as to whether the religious accommodation request to be exempted from the DOH Mandate on August 12, 2021 and also September 8, 2021 was granted.

244.  On February 18, 2022, EEO notified Plaintiff that the lack of a response to the request made by Plaintiff on September 8, 2021 seeking a religious accommodation to be exempted from the DOH Mandate was due to Plaintiff working remotely.

245.  EEO also notified Plaintiff on February 18, 2022 that she was being placed on LWOP beginning on March 1, 2022 and continuing through April 30, 2022.

246.  EEO's explanation for placing Plaintiff on LWOP in connection with her employment at NYCHHC was due to unvaccinated staff posing a risk in the workplace, and also the EEO's unilateral and unsubstantiated determination that no reasonable accommodation was available that would permit Plaintiff to perform the essential functions of her job remotely.

247.  According to EEO, its determination regarding no available reasonable accommodations was based on its review of Plaintiff's job duties.

248.  EEO's determination was inapposite to the truth that a reasonable accommodation was readily available given that Plaintiff could perform her job duties as an Associate Confidential Investigator remotely.

249.  EEO's faulty determination of February 18, 2022 is exposed by NYCHHC sending Plaintiff a Telework Agreement reflecting that Plaintiff could continue to work entirely remotely from March 1, 2022 and March 31, 2022.

250.  NYCHHC's Telework Agreement sent to Plaintiff is a concession by NYCHHC that Plaintiff could perform the essential functions of her job duties as an Associate Confidential Investigator entirely remotely without any undue hardship.

251.  EEO, on behalf of NYCHHC, did not engage in any good faith bona fide effort during 2022 to accommodate Plaintiff's religious beliefs which compelled her to decline receiving any COVID-19 vaccine.

252.  EEO, on behalf of NYCHHC, did not engage in any substantive and/or meaningful dialogue with Plaintiff during 2022 regarding available reasonable accommodations.

253.   EEO, on behalf of NYCHHC, did not engage in any interactive and/or cooperative dialogue with Plaintiff during 2022 regarding available reasonable accommodations.

254.   On February 22, 2022, Plaintiff notified EEO of its lack of compliance with EOP 20-32 and EOP 20-12 relative to the manner in which requests for accommodations were to be handled.

255.   Plaintiff followed up yet again with EEO on March 24, 2022 requesting information as to what process or procedure EEO was utilizing in connection with Plaintiff's request for a religious accommodation to be exempted from the DOH Mandate and the NYS Booster Mandate.

256.   On April 28, 2022, EEO notified Plaintiff that no additional LWOP could be granted, and that notification would come from the Human Resources Department/Division of NYCHHC regarding voluntary employment resignation options.

257.   On April 29, 2022, Plaintiff received an ultimatum from NYCHHC which consisted of notification that the LWOP had expired and, unless Plaintiff complied with the DOH Mandate and the NYS Booster Mandate by May 23, 2022, then termination would be the outcome.

258.   On May 23, 2022, Plaintiff received the dreaded official termination notice from NYCHHC.

259.   By nature of the work performed by Plaintiff as an employee of NYCHHC, she could work remotely.

260.   Indeed, Plaintiff, along with other employees of NYCHHC assigned to OIG, were directed beginning in March of 2020 to work remotely.

261.    Moreover, Plaintiff was working entirely remotely for NYCHHC without any incidents beginning on September 27, 2021 and continuing into the year of 2022.

262.    The ALJ who granted Plaintiff's request for unemployment insurance benefits concluded that Plaintiff was performing work remotely essentially without NYCHHHC raising any issue that the job as an Associate Confidential Investigator could be performed any better in the workplace. NYCHHC has never challenged the ALJ's decision. (See Exhibit C).

263.    NYCHHC/EEO has not produced a scintilla of evidence supporting that it would be a significant expense or difficulty to accommodate Plaintiff by allowing her to continue to work entirely remotely for NYCHCC as an Associate Confidential Investigator in order that Plaintiff may remain gainfully employed and simultaneously adhere to her faith.

264.    A reasonable accommodation was readily available and thus NYCHHC was legally obligated to allow Plaintiff to continue working as an Associate Confidential Investigator remotely since the job could be performed without any significant difficulty or expense to NYCHHC.

265.    As such, NYCHHC has engaged in unlawful discriminatory practices in terminating Plaintiff from employment due to her exercising her sincerely held religious beliefs, which is in violation of NYSHRL §296.

266.    As a direct result of the actions of NYCHHC's unlawful employment practices in violation of NYSHRL §296, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of

employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

### SEVENTH CAUSE OF ACTION
### AGAINST THE DEFENDANT NYCHCC
### NEW YORK CITY ADMINISTRATIVE CODE
### TITLE 8, CIVIL RIGHTS, §8-107 -
### Failure to Engage In the Interactive Process and Wrongful Termination

267.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint and incorporate those allegations herein by reference.

268.    Chap. 1, §8-107 provides, in relevant part, as follows:

**§8-107. Unlawful discriminatory practices.**

3. Employment. religious observance.

(a)   It shall be an unlawful discriminatory practice for an employer or an employee or agent thereof to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion, …, and the employer shall make reasonable accommodation to the religious needs of such person.

(b) "Reasonable accommodation", as used in this subdivision, shall mean such accommodation to an employee's or prospective employee's religious observance or practice as shall not cause undue hardship in the conduct of the employer's business. The employer shall have the burden of proof to show such hardship. "Undue hardship" as used in this subdivision shall mean an accommodation requiring significant expense or difficulty ….

269.    NYCHCC is an employer subject to §8-107 of the NYCHRL.

270.    Plaintiff is a Jewish and adheres to Jewish faith and, as such, falls within the class of

individuals protected by §8-107 of the NYCHRL.

271.    Plaintiff, as a Jew who adheres to Jewish faith and practices, in furtherance of her

sincerely held religious beliefs, cannot receive any of the COVID-19 vaccines.

272. Plaintiff received notice of the DOH Mandate during August of 2021 which, upon information and belief, became a condition to maintain employment with NYCHHC. As similar to the DOH Mandate, upon information and belief, the NYS Booster Mandate became a condition to maintain employment with NYCHHC.

273. EEO was authorized and/or empowered, for all relevant time periods, to receive requests for religious accommodations made on behalf of individuals employed by NYCHHC who were seeking to be exempted from the DOH Mandate and the NYS Booster Mandate.

274. EEO was authorized and/or empowered, for all relevant time periods, to evaluate and make a determination in connection with requests for religious accommodations made on behalf of individuals employed by NYCHHC.

275. NYCHHC received notice on August 12, 2021 that Plaintiff was requesting an accommodation to be exempted from the DOH Mandate due to her sincerely held religious beliefs.

276. Beginning on September 27, 2021 and continuing into the year of 2022, Plaintiff worked entirely remotely performing all the essential functions of the job as an Associate Confidential Investigator without incident.

277. In January of 2022, while Plaintiff was working remotely, NYCHHC notified Plaintiff that it would be necessary to comply with the NYS Booster Mandate to maintain employment with NYCHHC.

278. Plaintiff was of the understanding that she had already been exempted from complying with any COVID-19 vaccine requirement implemented or imposed by NYCHHC since

Plaintiff had been allowed to work entirely remotely as an Associate Confidential Investigator on behalf of NYCHHC for several months.

279.   However, given the notice received by Plaintiff of the requirement to comply with the NYS Booster Mandate, she inquired during January of 2022 as to whether it would be necessary to submit another request to be exempt from any COVID-19 vaccine requirement(s) implemented or imposed by NYCHHC for its employees.

280.   Based on the response received from a representative of NYCHHC, on January 28, 2022, Plaintiff submitted another request to NYCHHC for an accommodation to be exempt from receiving any COVID-19 vaccine due to her sincerely held religious beliefs.

281.   On February 15, 2022, Plaintiff submitted another request to NYCHHC requesting a decision as to whether the religious accommodation request to be exempted from the DOH Mandate on August 12, 2021 and also September 8, 2021 was granted.

282.   On February 18, 2022, EEO notified Plaintiff that the lack of a response to Plaintiff's request to be exempted from the DOH Mandate made on September 8, 2021 was due to Plaintiff working remotely.

283.   EEO also notified Plaintiff on February 18, 2022 that she was being placed on LWOP beginning on March 1, 2022 and continuing through April 30, 2022.

284.   EEO's notice to Plaintiff that she would be placed on LWOP beginning on March 1, 2022 is entirely contradicted by the Telework Agreement sent to Plaintiff by NYCHHC allowing Plaintiff to continue to work entirely remotely beginning on March 1, 2022 and continuing until March 31, 2022.

285. EEO's explanation for placing Plaintiff on LWOP in connection with her employment at NYCHHC was due to unvaccinated staff posing a risk in the workplace, and also EEO's unilateral and unsubstantiated determination that no reasonable accommodation was available that would permit Plaintiff to perform the essential functions of her job remotely.

286. EEO's determination was inapposite to the truth that a reasonable accommodation was readily available given that Plaintiff could perform her job duties as an Associate Confidential Investigator remotely.

287. EEO's faulty determination of February 18, 2022 is exposed by NYCHHC sending Plaintiff a Telework Agreement reflecting that Plaintiff could continue to work entirely remotely from March 1, 2022 and March 31, 2022.

288. NYCHHC's Telework Agreement sent to Plaintiff is a concession by NYCHHC that Plaintiff could perform the essential functions of her job duties as an Associate Confidential Investigator entirely remotely without any undue hardship.

289. According to EEO, its determination regarding no available reasonable accommodations was based on its review of Plaintiff's job duties, and not in any way based on any interactive and/or cooperative dialogue with Plaintiff during 2022.

290. EEO, on behalf of NYCHHC, did not engage in any good faith bona fide effort during 2022 to accommodate Plaintiff's religious beliefs which compelled Plaintiff to decline receiving any COVID-19 vaccine.

291. EEO, on behalf of NYCHHC, did not engage in any substantive and/or meaningful dialogue with Plaintiff regarding available reasonable accommodations during 2022 prior to placing Plaintiff on LWOP and/or ultimately terminating Plaintiff.

292.   EEO, on behalf of NYCHHC, did not engage in any interactive and/or cooperative dialogue with Plaintiff regarding available reasonable accommodations during 2022 prior to placing Plaintiff on LWOP and/or ultimately terminating Plaintiff.

293.   On February 22, 2022, Plaintiff notified EEO of its lack of compliance with the applicable operating procedures relative to the manner in which requests for accommodations were to be handled.

294.   Plaintiff followed up yet again with EEO on March 24, 2022 requesting information as to what process or procedure EEO was utilizing in connection with Plaintiff's request for a religious accommodation to be exempt from the DOH Mandate.

295.   On April 28, 2022, EEO notified Plaintiff that no additional LWOP could be granted, and that notification would come from the Human Resources Department/Division of NYCHHC regarding voluntary employment resignation options.

296.   On April 29, 2022, Plaintiff received an ultimatum from NYCHHC which consisted of notification that the LWOP had expired and, unless Plaintiff complied with the DOH Mandate by May 23, 2022, then termination would be the outcome.

297.   On May 23, 2022, Plaintiff received the dreaded official termination notice from NYCHHC.

298.   By nature of the work performed by Plaintiff as an employee of NYCHHC, she could work remotely.

299.   Indeed, Plaintiff, along with other employees of NYCHHC assigned to OIG, were directed beginning in March of 2020 to work remotely.

300.   Moreover, Plaintiff was working entirely remotely for NYCHHC without any incidents beginning on September 27, 2021 and continuing into the year of 2022.

301.    The ALJ who granted Plaintiff's request for unemployment insurance benefits concluded that Plaintiff was performing work remotely essentially without NYCHHHC raising any issue that the job as an Associate Confidential Investigator could be performed any better in the workplace. NYCHHC has never challenged the ALJ's decision. (See Exhibit C).

302.    NYCHHC/EEO has not produced a scintilla of evidence supporting that it would be a significant expense or difficulty to accommodate Plaintiff by allowing Plaintiff to continue to work entirely remotely for NYCHCC as an Associate Confidential Investigator in order that Plaintiff may remain gainfully employed and simultaneously adhere to her faith.

303.    A reasonable accommodation was readily available and thus NYCHHC was legally obligated to allow Plaintiff to continue working as an Associate Confidential Investigator remotely since the job could be performed remotely without any significant difficulty or expense to NYCHHC.

304.    NYCHHC has violated §8-107 of NYCHRL by failing to engage in the interactive process in connection with Plaintiff's request for an accommodation to be exempted from the DOH Mandate and the NYS Booster Mandate during 2022.

305.    NYCHHC has also engaged in unlawful discriminatory practices in violation of violated §8-107 of NYCHRL by failing to grant Plaintiff's request for an accommodation to be exempted from the DOH Mandate and the NYS Booster Mandate due to her sincerely held religious beliefs since a reasonable accommodation was available.

306.  As a direct result of the actions of NYCHHC's unlawful employment practices in violation of violated §8-107 of NYCHRL, Plaintiff has suffered and will continue to suffer harm, including, the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully prays this Court grant relief as follows:

A.  Award Plaintiff injunctive relief including, but not limited to, the issuance of a Court Order directing NYCHHC to fully reinstate Plaintiff to her employment with NYCHHC, and full restoration of all income, benefits, salary raises, and promotions, which Plaintiff would have been entitled to but for the wrongful termination by NYCHHC due to Plaintiff exercising her sincerely held religious beliefs;

B.  Award Plaintiff for actual, consequential and incidental financial losses, including, but not limited to loss backpay, front pay, benefits, and other compensation plus interest;

C.  Award Plaintiff compensatory damages;

D.  Award Plaintiff punitive damages;

E.  Award Plaintiff nominal damages;

F.  Restore any vacation days, comp hours, and lost time hours used by Plaintiff;

G.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and

proper.

Dated this 15th day of December, 2022

Respectfully Submitted,

*-S-*

_____
April Forbes, Esquire (**Bar #AF0833**)
PACIFIC JUSTICE INSTITUTE, INC.
Counsel for the Plaintiff
350 Northern Boulevard
Suite 324, Box 1061
Albany, New York 12204-1000
(518) 721-8369 (Telephone)
(518) 707-0880 (Facsimile)
aforbes@pji.org (Email)