```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------

JATTNA BOBADILLA,

                Plaintiff,        22-cv-10594 (JGK)

    - against -                MEMORANDUM OPINION AND ORDER

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                Defendant.

-----------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Jatnna Bobadilla, brought this action against the New York City Health and Hospitals Corporation (the "NYCHHC"), alleging violations of Title VII of the Civil Rights Act of 1964, see ECF No. 1, ¶¶ 87-135, 42 U.S.C. § 1983, see id. ¶¶ 136-224, and related state claims. Id. ¶¶ 225-306.

    The NYCHHC has moved to dismiss the plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 12.

                                  I.

    Unless otherwise noted, the following facts are taken from the Complaint, ECF No. 1, and are accepted as true for purposes of the motion to dismiss.[1]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

**A.**

Bobadilla was employed by the NYCHHC as a Confidential Investigator in August 2012 and she was promoted to the position of an Associate Confidential Investigator ("ACI") in 2014. See ECF No. 1, ¶ 18. Bobadilla is Jewish and adheres to the religious tenets associated with her faith. Id. ¶ 92. On August 18, 2021, the New York State Department of Health (the "DOH") ordered healthcare workers who interact with patients and/or staff of medical facilities to receive one of the available COVID-19 vaccines, unless either a medical or religious exemption is granted. See ECF No. 1, ¶ 25 (the "DOH Mandate"). In November 2021, the DOH Mandate was modified to exclude any religious exemptions, id. ¶ 27, and the Center for Medical and Medicaid Services mandated that all Medicare and/or Medicaid healthcare facilities require staff to be vaccinated from COVID-19. Id. ¶ 28 (the "CMS Mandate").

**B.**

Based on her religious beliefs, Bobadilla did not receive any of the COVID-19 vaccines, id. ¶ 93, and she claimed an exemption from NYHCC's COVID-19 vaccination policy through the Office of Equal Employment Opportunity ("EEO"). Id. ¶¶ 44-49. From September 30, 2021 through February 22, 2022, the NYCHHC permitted Bobadilla to perform all of the essential functions of her job remotely. Id. ¶¶ 51-54, see also id. ¶¶ 23-24

2

(discussing the nature of Bobadilla's remote work prior to the availability of the COVID-19 vaccines). But, on January 25, 2022, the NYCHHC notified Bobadilla that employees of the NYCHHC must obtain a booster dose of one of the available COVID-19 vaccines by February 21, 2022 to comply with the mandatory vaccination requirements pertaining to healthcare workers in New York State. Id. ¶ 53 (the "NYS Booster Mandate"). Bobadilla was advised that employees who failed to comply with the NYS Booster Mandate would be placed on a leave of absence without pay ("LWOP"), and then terminated. Id. ¶¶ 55-56.

On January 28, 2022, Bobadilla submitted a request for a religious exemption from any COVID-19 booster requirement, id. ¶ 58, and on February 15, 2022, requested a decision from the NYCHHC and the EEO. Id. ¶ 59. On February 18, 2022, the EEO notified Bobadilla that she was being placed on LWOP from employment at the NYCHHC from March 1, 2022 through April 30, 2022. Id. ¶ 61. The EEO stated that due to Bobadilla's vaccination status, she posed a risk in the workplace and that no reasonable accommodation would permit Bobadilla to perform the essential functions of her job. Id. ¶ 62. On May 23, 2022, Bobadilla received notice of her termination. Id. ¶ 70. She applied for unemployment insurance benefits, id. ¶ 71, based on an exception in the regulations of the New York State Department of Labor for individuals who are subject to mandatory

3

vaccination requirements, but elect not to receive these vaccinations. Id. ¶ 73. Pursuant to the Department of Labor's website, "a worker who refuses an employer's directive to get vaccinated may be eligible for [unemployment insurance] in some cases, if that person's work has no public exposure and the worker has a compelling reason for refusing to comply with the directive." Id.

On September 29, 2022, an Administrative Law Judge ("ALJ") awarded Bobadilla unemployment insurance benefits. See ECF No. 1-3. The ALJ presiding over Bobadilla's hearing concluded:

> The credible evidence establishes that claimant had good cause to quit her job. I conclude that, based upon claimant consistent credible testimony, she had a sincerely held religious belief that she cannot take the COVID vaccine . . . the claimant is allowed benefits with respect to the issues decided herein.

Id. at 2. The NYCHHC did not appeal the ALJ's decision. ECF No. 1 ¶ 82.

C.

On December 15, 2022, Bobadilla filed this complaint. See ECF No. 1. She alleges that the NYCHHC violated her rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., by terminating her employment based on her religion, ECF No. 1, ¶¶ 87-104, and by failing to engage in meaningful dialogue and provide reasonable accommodations. Id. ¶¶ 105-135 Bobadilla also alleges that the defendant violated her rights under 42 U.S.C.

4

Section 1983 by not providing her a reasonable religious accommodation from the defendant's vaccine mandate. Id. ¶¶ 136-158. She asserts violations of the Free Exercise Clause of the First Amendment, id., violations of the Supremacy Clause of the United States Constitution, id. ¶¶ 159-193, and the Due Process Clause of the Fourteenth Amendment, id. ¶¶ 194-224. The plaintiff also complains that the defendant violated her rights under the New York State Human Rights Law (the "NYSHRL"), id. ¶¶ 225-266, and the New York City Administrative Code, Title 8, Civil Rights, § 8-107 (the "NYCHRL"), id. ¶¶ 267-306.

Bobadilla claims that she suffered harm, including "the violation of her rights, mental and emotional distress, loss of income/earnings, inconvenience, pain and suffering, financial hardship, loss of employment, loss of employment benefits, humiliation, stress, anxiety, embarrassment, and special damages." See e.g., id. ¶ 306. She seeks an injunction, reinstating her employment with the NYCHHC, an award for financial losses, compensatory damages, punitive damages, nominal damages, and attorney's fees. Id. at 45-46. Bobadilla alleges that she "remains fully capable and able to perform her job duties on behalf of [NYCHHC] remotely and, accordingly seeks . . . full reinstatement as an [ACI]." Id. ¶ 86.

5

The defendant now moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

## III.

The defendant urges that the Complaint fails to state a claim of religious discrimination under Title VII. See ECF No. 12, at 7-9. Title VII prohibits employers from discriminating against employees on the basis of religion. See 42 U.S.C. §

6

2000e-2(a)(1). The statute requires an employer to "reasonably accommodate" an employee's "religious observance or practice," unless doing so would impose "undue hardship on the conduct of the employer's business." Id. § 2000e(j).

"To defeat a motion to dismiss or a motion for judgment on the pleadings in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against [her], and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). At the pleadings stage, Bobadilla "must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." Id.

Bobadilla alleges that she is a member of a protected class, i.e. Jewish, see ECF No. 1. ¶¶ 44, 92, that she was performing her job duties satisfactorily, id. ¶¶ 18, 52, and that the circumstances surrounding her termination support an inference of discrimination. Id. ¶¶ 44-70, 95-99; ECF No. 13, at 8. But, Bobadilla fails to allege facts that give rise to such an inference, see Vega, 801 F.3d at 83, assert that the NYCHHC's stated reason for its employment action was a "pretext to cover-

7

up discrimination," id., or that the NYCHHC's actions otherwise create "a mosaic of intentional discrimination . . . that together give rise to an inference of discrimination." Id. at 87. Indeed, Bobadilla alleges that she was terminated because she failed to comply with the DOH Mandate, see ECF No. 1, ¶ 48, not because she is Jewish. For this reason, the plaintiff's claim that she was terminated on the basis of religion is **dismissed without prejudice.**

Moreover, "an employer cannot discriminate against any employee on the basis of the employee's religious beliefs unless the employer shows that the employer cannot reasonably accommodate the employee's religious needs without undue hardship on the conduct of the employer's business." Philbrook v. Ansonia Bd. of Education, 757 F.2d 476, 481 (2d Cir. 1985). In this case, the NYCHHC provided every reasonable accommodation, until these accommodations presented an undue hardship. See ECF No. 12-3. The NYCHHC permitted Bobadilla to work remotely for five months, but eventually was compelled by the state law to have its employees vaccinated, for "the presence of unvaccinated staff at [NYCHHC] work locations poses an undue burden and a direct threat to [NYCHHC] staff and patients." Id. The defendant asserts that no reasonable accommodation could be found that would allow Bobadilla to

continue to perform her essential duties remotely in her role as an ACI. See ECF No. 12, at 8.

This Court and others have previously affirmed the requirements of the state law and employee terminations because of the failure of health workers to be vaccinated. See, e.g., Algarin v. NYC Health + Hosps. Corp., 2023 WL 4157164, *9 (S.D.N.Y. June 23, 2023) (noting "that allowing Plaintiff to return to work unvaccinated would have been a violation of Section 2.61 and therefore created an undue hardship for [the NYCHHC]"); Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., No. 22-cv-2929, 2023 WL 3467143, at *5-6 (S.D.N.Y. May 15, 2023) (dismissing Title VII claim because defendants would be violating the State Mandate by providing religious exemption, "thus suffering an undue hardship"); Riley v. NYC Health + Hosps. Corp., No. 22-cv-2736, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023) (dismissing Title VII claim by plaintiff seeking religious exemption from mandatory COVID vaccination policy because "Title VII cannot be used to require employers to break the law"). Accordingly, the Complaint fails to state a reasonable accommodation claim under Title VII, and that claim is **dismissed without prejudice**.

### IV.

Bobadilla alleges violations of the Free Exercise Clause, the Supremacy Clause, and the Due Process Clause of the

9

Fourteenth Amendment under 42 U.S.C. Section 1983. To hold a municipal entity liable for constitutional violations under Section 1983, a plaintiff must show that a municipal policy or custom caused the violation of the plaintiff's constitutional rights. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978)). Courts have applied this standard to suits against the defendant, a municipal corporation. Rookard v. Health & Hosps. Corp., 710 F.2d 41, 45 (2d Cir. 1983).

### A.

The plaintiff claims that the NYCHHC violated her rights under the Free Exercise Clause. ECF No. 1, ¶ 157.

The First Amendment bars the government from "prohibiting the free exercise" of religion. U.S. Const., amend. I; see Cantwell v. Connecticut, 310 U.S. 296, 303 (1940) (incorporating the Free Exercise Clause against the states). The Free Exercise Clause "protects an individual's private right to religious belief, as well as the performance of (or abstention from) physical acts that constitute the free exercise of religion." Kane v. De Blasio, 19 F.4th 152, 163-64 (2d Cir. 2021). But this protection "does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability." Employment Div., Dep't of Hum. Res. of Ore. v. Smith, 494 U.S.

872, 879 (1990). Thus, "[w]here the government seeks to enforce a law that is neutral and of general applicability," the government "need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002). Meanwhile, in general, an enactment that is not neutral towards religion or generally applicable may survive only if it is justified by a compelling governmental interest and if it is narrowly tailored to advance that interest. Church of the Lukumi Babalu Aye, Inc. v. Hialeah, 508 U.S. 520, 531-32 (1993).

The plaintiff does not argue that the defendant's vaccine mandate was not generally applicable. She argues only that "compliance with the DOH Mandate and the NYS Booster Mandate was a condition of employment imposed by [the NYCHHC]," ECF No. 1, ¶ 139, and that the NYCHHC "engaged in indirect coercion and penalties on Plaintiff for the exercise of her religion." Id. ¶ 148.

An enactment violates the neutrality principle if it "explicitly singles out a religious practice" or "targets religious conduct for distinctive treatment." Lukumi, 508 U.S. at 533-34; We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 281 (2d Cir. 2021). The plaintiff pleads no facts suggesting that the defendant's mandate is guilty of either. To the extent that the plaintiff alleges that the mandate's lack of a

11

religious exception alone makes it non-neutral, We The Patriots forecloses that argument. See 17 F.4th at 282 ("The absence of a religious exception to a law does not, on its own, establish non-neutrality such that a religious exception is constitutionally required.").

Because the Complaint offers no allegations to support the inference that the defendant's vaccine mandate was not neutral and generally applicable, the mandate is subject to rational basis review, which requires only that an enactment "be rationally related to a legitimate state interest." Lange-Kessler v. Dep't of Educ., 109 F.3d 137, 140 (2d Cir. 1997). The defendant's vaccine mandate easily meets this standard. An "emergency measure to require vaccination for all employees at healthcare facilities who might become infected and expose others to the virus, to the extent they can be safely vaccinated," is a "reasonable exercise" of the "power to enact rules to protect the public health." We The Patriots, 17 F.4th at 290; see also Does 1-2 v. Hochul, 632 F. Supp. 3d 120, 142 (E.D.N.Y. Sept. 30, 2022) (explaining that Section 2.61, on which the defendant's vaccine mandate was based, "serves the legitimate government purpose of protecting public health and safety by reducing the incidence of COVID-19 in nursing homes and hospitals, thus protecting patients, residents and employees"). Accordingly, the plaintiff has not plausibly

12

alleged that the defendant violated her free exercise rights. Because a local government entity cannot be liable under Section 1983 without an underlying violation of law, see, e.g., Martinez v. City of New York, No. 06-cv-5671, 2008 WL 2566565, at *4 (S.D.N.Y. June 27, 2008), the plaintiff's free exercise claim is **dismissed without prejudice.**

B.

The plaintiff next alleges that the NYCHHC's failure to provide the plaintiff with a reasonable accommodation in accordance with Title VII violates the Supremacy Clause. ECF No. 1, ¶ 182.

"To succeed on a [Supremacy Clause] preemption claim, [the] plaintiff must show that local law conflicts with federal law such that it is impossible for a party to comply with both or the local law is an obstacle to the achievement of federal objectives." We The Patriots USA, 17 F.4th at 291. The Second Circuit Court of Appeals has been clear that the mandatory vaccination requirement for employees is not preempted by Title VII and does not violate the Supremacy Clause. Id. at 293; see also Evans v. New York City Health, No. 21-cv-10378, 2023 WL 580527, *3 (S.D.N.Y. Jan. 27, 2023). Moreover, "the Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action." Does 1-2, 632 F. Supp. 3d at 146 (dismissing claim made solely under the Supremacy Clause)

13

(citing Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324-25 (2015)). Accordingly, the plaintiff's claim for relief under the Supremacy Clause is **dismissed with prejudice** because any amended complaint asserting a violation of the Supremacy Clause would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1982) (recognizing that leave to amend may properly be denied if the amendment would be futile).

## C.

The plaintiff alleges that the defendant's failure to engage in an "interactive dialogue" with the plaintiff, see ECF No. ¶¶ 199, 212, and provide reasonable accommodation for the plaintiff, violates the Due Process Clause of the Fourteenth Amendment. ECF No. 1, ¶ 222.

To state a procedural due process claim, a plaintiff must establish "(1) possession by the plaintiff of a protected liberty or property interest, and (2) deprivation of that interest without constitutionally adequate process." Tooly v. Schwaller, 919 F.3d 165, 173 (2d Cir. 2019). "The deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990). There is no due process violation where "pre-deprivation notice is provided and the deprivation at issue can be fully

14

remedied through the grievance procedures provided for in a collective bargaining agreement." Kane v. DeBlasio, 623 F. Supp. 3d 339, 361 (S.D.N.Y. 2022).

In this case, Bobadilla was provided a detailed process for requesting an exemption to the vaccine mandate, see ECF No. 1, ¶¶ 31-32, 34-37, and was permitted to work remotely until this posed an undue hardship to the NYCHHC. Id. ¶ 50; ECF Nos. 12-3, 12-5. Moreover, an additional 60-day leave without pay period was provided and communicated to the plaintiff following the end of her remote work agreement. See ECF No. 12-3; ECF No. 1, ¶¶ 60, 61. Bobadilla acknowledges seeking clarification regarding her LWOP status, to which the defendant responded and offered voluntary employment resignation options. Id. ¶¶ 58-61. This plainly satisfies the requirement that Bobadilla be provided pre-deprivation notice and the opportunity to respond. See Kane, 623 F. Supp. 3d. at 361. Accordingly, Bobadilla's claim for relief on due process grounds is **dismissed without prejudice**.

### V.

Bobadilla brings claims for religious discrimination under Article 15, Section 296 of the NYSHRL, see ECF No. 1, ¶¶ 225-266, and Title 8, Section 8-107 of the NYCHRL for wrongful termination. Id., ¶ 267-306. A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."

28 U.S.C. § 1367(c). "When all federal claims are eliminated before trial, the balance of factors to be considered -- including judicial economy, convenience, fairness, and comity -- typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims." Lawtone-Bowles v. City of New York, Dep't of Sanitation, 22 F. Supp. 3d 341, 352 (S.D.N.Y. 2014). Having dismissed all of the plaintiff's federal claims, the claims over which this Court has original jurisdiction, declining to exercise supplemental jurisdiction over the state-law and city-law claims is appropriate at this early stage of the litigation. Id. at 352-53; see, e.g., Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998); Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., 282 F. Supp. 3d 734, 742-43 (S.D.N.Y. 2017). The plaintiff's NYSHRL and NYCHRL claims are therefore **dismissed without prejudice** for lack of subject matter jurisdiction.

### Conclusion

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **granted**, and the Complaint is **dismissed without prejudice.**

The plaintiff may file a motion to file an amended complaint together with a proposed amended complaint if the plaintiff contends that such a complaint could remedy the defects in the current Complaint. Any such motion must be filed within thirty days of the date of this Memorandum Opinion and Order. The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**   **New York, New York**
     **November 3, 2023**

_____
John G. Koeltl
**United States District Judge**