UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JATNNA BOBADILLA,

                          Plaintiff,              22-cv-10594 (JGK)

             - against -                          MEMORANDUM OPINION AND
                                                  ORDER
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                          Defendant.
_____

JOHN G. KOELTL, District Judge:

     The plaintiff, Jatnna Bobadilla, brought this action against

the New York City Health and Hospitals Corporation (the "NYCHHC"),

alleging violations of Title VII of the Civil Rights Act of 1964,

see ECF No. 1, ¶¶ 87-135; 42 U.S.C. § 1983, see id. ¶¶ 136-224;

and related state claims. Id. ¶¶ 225-306.

     In a Memorandum Opinion and Order dated November 3, 2023,

this Court granted the defendant's motion to dismiss the Complaint

for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6) and declined to exercise supplemental

jurisdiction over Bobadilla's state law claims under the New York

State Human Rights Law ("NYSHRL") and the New York City Human

Rights Law ("NYCHRL"). See Bobadilla v. New York City Health and

Hospitals Corporation, 2023 WL 7280478 (S.D.N.Y. Nov. 3, 2023)

(the "First Opinion"). The plaintiff now moves pursuant to Federal

Rule of Civil Procedure 15(a)(2) for leave to file an Amended

Complaint. See ECF No. 18-3 ("First Amended Complaint" or "FAC").
For the reasons that follow, the plaintiff's motion for leave to
amend is **denied**.

I.

The First Amended Complaint asserts three causes of action:
(1) Title VII of the Civil Rights Act, FAC ¶¶ 101-132; (2) Section
296 of the NYSHRL, id. ¶¶ 133-160; and (3) Section 8-107 of the
NYCHRL, id. ¶¶ 161-181. Each claim is based on the defendant's
alleged failure to provide a reasonable accommodation for the
plaintiff's religious beliefs. Familiarity with the First Opinion
is assumed. Unless otherwise noted, the following allegations are
taken from the original Complaint and the First Amended Complaint.
Where necessary, the summary below indicates which allegations are
new additions contained only in the First Amended Complaint.[1]

A.

The FAC asserts that Bobadilla was employed by the NYCHHC "in
a non-clinical capacity" beginning on or about August 2012 until
May 2022. See FAC ¶ 17. In 2014, Bobadilla was promoted to the
position of an Associate Confidential Investigator ("ACI"). See
id. ¶ 22. In that position, Bobadilla was responsible for

_____

[1] Unless otherwise noted, this Memorandum Opinion and Order omits
all alterations, citations, footnotes, and internal quotation
marks in quoted text.

conducting interviews, performing research, and writing reports. See id. ¶ 26.

As discussed in the First Opinion, on August 18, 2021, the New York State Department of Health (the "DOH") ordered healthcare workers who interact with patients and/or staff of medical facilities to receive one of the available COVID-19 vaccines, unless either a medical or religious exemption is granted. See id. ¶ 30 ("Section 2.61"); Compl. ¶ 25 (the "DOH Mandate"). In November 2021, Section 2.61 was modified to exclude any religious exemptions. See FAC ¶ 32. As of October 4, 2023, Section 2.61 has been repealed. Id. ¶ 34.

**B.**

Bobadilla is Jewish and adheres to the religious tenets associated with her faith. FAC ¶¶ 107, 136, 164. On August 12, 2021, Bobadilla submitted a request to NYCHHC seeking exemption from any COVID-19 vaccine due to her sincerely held religious beliefs, see id. ¶ 56, and on August 19, 2021, the Office of Equal Employment Opportunity ("EEO") acknowledged receipt of Bobadilla's request for an accommodation, id. ¶ 64. From September 27, 2021 through February 28, 2022, the NYCHHC permitted Bobadilla to perform all of the essential functions of her job remotely. Id. ¶¶ 65-69. But, on January 25, 2022, the NYCHHC notified Bobadilla that employees of the NYCHHC must obtain a booster dose of one of the available COVID-19 vaccines by February 21, 2022 to comply

with the mandatory vaccination requirements pertaining to healthcare workers in New York State. Id. ¶ 73 (the "Booster Mandate"); Compl. ¶ 53. Bobadilla was advised that if an employee failed to comply with the Booster Mandate by February 21, 2022, then the employee would not be permitted to resume work beginning on February 22, 2022. FAC ¶ 74. In these circumstances, an employee who did not comply with the Booster Mandate would eventually be placed on a leave of absence without pay ("LWOP status"), and thereafter, terminated, unless the employee subsequently complied with the Booster Mandate. Id. ¶ 75.

In the FAC, Bobadilla alleges that because she had submitted a request for an accommodation to be exempted from Section 2.61 due to her religious beliefs in August 2021, she believed that the January 25, 2022 notice regarding compliance with the vaccine mandate did not apply to her. Id. ¶ 76. However, on January 26, 2022, Bobadilla was advised that she would need to submit a request for a religious exemption from any COVID-19 vaccination requirement, including the Booster Mandate. Id. ¶ 77.

Accordingly, on January 28, 2022, Bobadilla submitted a request for a religious exemption from the Booster Mandate, id. ¶ 78, and on February 15, 2022, requested a decision from the NYCHHC and the EEO. Id. ¶ 79. On February 18, 2022, the EEO notified Bobadilla that the lack of response was due to Bobadilla's remote work at the time the initial request was submitted, id. ¶ 80, and

4

that Bobadilla was being placed on LWOP status from employment at the NYCHHC from March 1, 2022 through April 30, 2022. Id. ¶ 81. The EEO stated that due to Bobadilla's vaccination status, she posed a risk in the workplace and that no reasonable accommodation would permit Bobadilla to perform the essential functions of her job. Id. 82; see also Compl. ¶ 62 (alleging the same).

On May 23, 2022, Bobadilla received notice of her termination. FAC ¶ 92. She applied for and received unemployment insurance benefits, id. ¶ 93, based on an exception in the regulations of the New York State Department of Labor for individuals who are subject to mandatory vaccination requirements, but elect not to receive these vaccinations. Id. ¶ 94.

C.

On December 15, 2022, Bobadilla filed the original Complaint against the NYCHHC. See ECF No. 1. On May 10, 2023, the NHCHHC filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 12.

In the First Opinion, this Court granted the NYCHHC's motion to dismiss in full. See 2023 WL 7280478, at *6. As relevant to the FAC, the Court found that Bobadilla failed to allege facts that gave rise to an inference of discrimination under Title VII, see id. at *3 (citing Vega v. Hempstead Union Free Sch. Distr., 801 F.3d 72, 87 (2d Cir. 2015)), and that "Title VII cannot be used to

require employers to break the law." Id. (quoting Riley v. NYC Health + Hosps. Corp., No. 22-cv-2763, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023)). Because the Court dismissed Bobadilla's federal claims, the Court therefore declined to exercise supplemental jurisdiction over Bobadilla's claims under the NYSHRL and the NYCHRL. See First Opinion, 2023 WL 7280478, at *6. The Court granted the NYCHHC's motion to dismiss without prejudice, stating that "[t]he plaintiff may file a motion to file an amended complaint together with a proposed amended complaint if the plaintiff contends that such a complaint could remedy the defects in the current Complaint." Id.

On November 28, 2023, Bobadilla filed a motion for leave to file a First Amended Complaint. ECF No. 18. Bobadilla alleges that she is fully capable and able to perform the job duties of an ACI on behalf of NYCHHC remotely and seeks full reinstatement as an ACI with NYCHHC. See FAC ¶ 98. In the FAC Bobadilla further alleges that because Section 2.61 has been repealed, as well as the mandatory COVID-19 vaccination requirement for any individual working in New York City, NYCHHC must reinstate Bobadilla's employment as an ACI and allow Bobadilla to resume working as an employee of NYCHHC in person. Id. ¶¶ 99-100.

## II.

Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave [to amend a complaint] when justice so

requires." Fed. R. Civ. P. 15(a)(2). However, such leave need not be granted "[w]here a proposed amendment would be futile[.]" Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)[.]" In re Tribune Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021).

The futility inquiry on a motion for leave to amend is "comparable to that required upon a [Rule 12(b)(6)] motion to dismiss[.]" Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005). In evaluating whether granting leave to amend would be futile, a court must consider both the proposed amendments and the original complaint, "accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017); see also Tribune Co., 10 F.4th at 175. The Court should not dismiss the amended complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.

In Bobadilla's FAC, Bobadilla alleges that the NYCHHC violated Title VII of the Civil Rights Act by failing to accommodate Bobadilla's religious beliefs. Bobadilla alleges the same facts to support Bobadilla's failure to accommodate claims under the NYCHRL and NYSHRL. Much of these allegations are identical to Bobadilla's original Complaint, except that Bobadilla's First Amended Complaint emphasizes that she worked for the NYCHHC in a non-clinical capacity, FAC ¶¶ 2, 4, and therefore that she should be removed from the definition of "personnel" under Section 2.61, id. ¶¶ 41, 123.

For the reasons that follow, because the FAC fails to assert a claim of relief that is plausible on its face, see Twombly, 550 U.S. at 570, Bobadilla's motion for leave to file an amended complaint is **denied.**

### A.

In the FAC, Bobadilla alleges that she did not have to interact with patients or other personnel to perform her job responsibilities, and therefore she should be "removed from the definition of 'personnel' otherwise required to receive a COVID-19 vaccine to be in compliance with Section 2.61." See FAC ¶ 4. Specifically, Bobadilla contends that because she worked pre-pandemic and during the pandemic in a non-clinical capacity, she

should have been removed from Section 2.61's definition of "personnel." ECF No. 24 at 8.

But, Bobadilla plainly qualified as "personnel" for purposes of Section 2.61, even though Bobadilla did not work with patients directly. At the time, Section 2.61 defined "personnel" as those who "engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." 10 N.Y.C.R.R. § 2.61 (repealed Oct. 4, 2023); see Algarin v. NYC Health + Hosps. Corp., 678 F. Supp. 3d 497, 509 (S.D.N.Y. 2023)(determining that a plaintiff who worked in IT qualified as "personnel" for purposes of Section 2.61); Corrales v. Montefiore Medical Center, 2023 WL 2711415, at *7 (S.D.N.Y. March 30, 2023) (finding that a receptionist in an executive office qualified as "personnel" under the statute because that person worked for a covered entity in an office with other staff members).

That is why, on February 18, 2022, the Office of the EEO emailed Bobadilla, explaining that "the presence of unvaccinated staff at System work locations poses an undue burden and direct threat to System staff and patients." ECF No. 12-C. For this reason, the Office concluded that "there are no reasonable accommodations available which would permit [Bobadilla] to perform [Bobadilla's] essential job functions . . . remotely." Id.

In the First Opinion, this Court cited numerous cases from this Court and others that affirmed the requirements of state law and permitted employee terminations because of the failure of health workers to be vaccinated. See First Opinion, 2023 WL 7280478, at *3 (citing Algarin, 678 F. Supp. 3d at 510-11; Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., No. 22-cv-2929, 2023 WL 3467143, at *5-6 (S.D.N.Y. May 15, 2023)). The Court's analysis in the First Opinion also applies to Bobadilla's FAC: Because Bobadilla could not perform all of her duties remotely and without contact with other staff, she is considered "personnel" under Section 2.61, and her failure to accommodate claim under Title VII fails. See We The Patriots USA, Inc. v. Hochul, 17 F.4th 368, 370 (2d Cir. 2021) ("To repeat: if a medically eligible employee's work assignments means that she qualifies as 'personnel,' she is covered by the Rule and her employer must 'continuously require' that she is vaccinated against COVID-19.").

Finally, Bobadilla relies on Groff v. DeJoy, 600 U.S. 447 (2023) to support Bobadilla's contention that the NYCHHC was required to accommodate Bobadilla's religious beliefs absent any undue hardship. See FAC ¶ 5; ECF No. 18 at 9-10; ECF No. 24 at 6-7. In Groff, the Supreme Court clarified that "Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a

particular possible accommodation or accommodations." 600 U.S. at 473. But in this case, no reasonable accommodation could be found that would allow Bobadilla to continue performing her essential duties fully remotely without causing an undue hardship to the NYCHHC. Bobadilla was required to conduct interviews and meet regularly with hospital staff. See FAC ¶¶ 26-27; ECF No. 12-6 (functional job description). As the Court found in the First Opinion, the NYCHHC "permitted Bobadilla to work remotely for five months, but eventually was compelled by the state law to have its employees vaccinated, for 'the presence of unvaccinated staff at [NYCHHC] work locations pose[d] an undue burden and a direct threat to [NYCHHC] staff and patients.'" First Opinion, 2023 WL 7280478, at *3 (quoting ECF No. 12-3). Consistent with Groff, it is clear that "granting [Bobadilla] an accommodation would result in substantial increased costs in relation to the conduct of [NYCHHC's] particular business." 600 U.S. at 470. Accordingly, Bobadilla's motion to amend is denied as futile.

**B.**

In the FAC, Bobadilla asserts claims under the NYSHRL and the NYCHRL, "which are likewise based on NYCHHC's failure to accommodate Plaintiff's religious beliefs[.]" ECF No. 24. But, leave to amend based on these claims must also be denied. Bobadilla failed to allege a cause of action under federal law that would survive a motion to dismiss. Therefore, the state law

claims are likewise dismissed because the Court would decline to exercise supplemental jurisdiction over the state-law and city-law claims at this stage of litigation. See, e.g., Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998); Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., 282 F. Supp. 3d 734, 742-43 (S.D.N.Y. 2017).

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for leave to file an Amended Complaint is **denied**. Because the proposed Amended Complaint would be futile, the plaintiff's federal claims are **dismissed with prejudice**. The plaintiff's claims for violations of the NYSHRL and the NYCHRL are **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk is respectfully directed to enter judgment dismissing this case. The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:   New York, New York
         May 8, 2024

                                    John G. Koeltl
                              United States District Judge